The plaintiff, R.R., filed a complaint in the District Court seeking a harassment prevention order under G. L. c. 258E against his mother, defendant M.W. The statutory basis for R.R.'s complaint was that M.W. had harassed him by "committ[ing] [three] or more acts of willful and malicious conduct aimed at [him,] which were committed with the intent to cause fear, intimidation, abuse or damage to property, and did in fact cause fear, intimidation, abuse or damage to property." See G. L. c. 258E, § 1. The first judge issued a temporary ex parte order. At an extension hearing at which M.W. appeared pro se, a different, second judge found that M.W. had committed criminal harassment in violation of G. L. c. 265, § 43A, which is an independent basis for finding harassment under G. L. c. 258E, § 1, and extended the order. M.W. filed a motion for reconsideration and a motion to vacate, which the first judge denied without a hearing. M.W. filed yet another motion to vacate, which the second judge denied after a hearing at which M.W. was represented by counsel. She then appealed.
M.W. argues on appeal that the court violated due process by finding harassment based on a violation of G. L. c. 265, § 43A, when the complaint alleged only that M.W. had harassed R.R. by committing three or more acts of wilful and malicious conduct. Because M.W. did not make this argument at any point below, including at the hearing at which she was represented by counsel, this argument is waived. See Diaz v. Gomez, 82 Mass. App. Ct. 55, 63 (2012) ("[T]hrough failure to raise this claim in the trial court, the defendant has waived any due process objection to the procedure followed by the judge"). So too is her argument that the judge erred by not ordering a mental health examination, since she never moved for such an examination in the trial court.[2]
M.W. also argues that the trial judge's decision fails on the merits. We disagree. A person commits criminal harassment under G. L. c. 265, § 43A, as amended by St. 2010, c. 92, § 10, which was the basis for the judge's finding of harassment under G. L. c. 258E, when he or she "willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period of time directed at a specific person, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress." Three separate wilful and malicious acts are sufficient to satisfy the pattern of conduct or series of acts requirement. See Commonwealth v. Bigelow, 475 Mass. 554, 561 (2016). R.R. described at least three incidents that, in the context of the parties' acrimonious relationship, which included M.W.'s "menacing" statements to R.R. as a child that, if he ever left her, "I'm coming after you," could appropriately be interpreted as such acts, which he testified put him in a "constant state of fear." This includes M.W.'s alleged theft of tens of thousands of dollars from R.R.'s student account, taking out loans in his name, leaving several messages on his dorm room door saying that "[M.W.] is looking for you," inducing R.R.'s fellow college students to convey the same, hiring a private investigator to find where he lived, and entering his building in violation of a no-trespass order.
M.W. argues that the judge should have credited her version of events, according to which her uninvited visit to R.R. shortly before he applied for the order was out of concern for his well-being, and that her electronic communication with R.R. indicates that she committed no wilful and malicious acts. But the judge found R.R. "wholly credible," and we will not disturb this determination on appeal. See Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012) ("We are in no position to substitute our judgment for that of the judge on credibility questions"). We also disagree with M.W.'s argument that R.R.'s failure to ask her not to contact him implies that no reasonable person in his position would have suffered substantial emotional distress. And there is no requirement in harassment prevention order proceedings that affiants' and witnesses' statements be supported by documentary evidence.[3]
Order dated September 1, 2016, affirmed.
Order denying motion to vacate affirmed.

M.W. argued in her motion to vacate that "the [p]laintiff's state of mind is issuable as to his current ability to think reasonably" and that "this is a matter for the Family [and] Probate Court to determine the best interest for [p]laintiff [R.R.] as to his current emotional state and need for professional counseling." This does not constitute a motion for a mental examination. See Mass.R.Civ.P. 35(a), 365 Mass. 793 (1974).

We are also unpersuaded by M.W.'s argument that equity requires a harassment prevention order to be issued by a panel of judges and that the United States Constitution requires them to be issued only after a jury trial.